UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAROLYN JACOBS-FOXWORTH,

                *Plaintiff*,

– against –

INDYMAC MORTGAGE; UNITED STATES FEDERAL DEPOSIT INSURANCE CORPORATION; FIDELITY NATIONAL TITLE NEW YORK; and QUEENS COUNTY OFFICE OF THE PUBLIC ADMINISTRATOR,

                *Defendants*.

**MEMORANDUM & ORDER**
24-cv-05706 (NCM) (LKE)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Carolyn Jacobs-Foxworth brings this action under 42 U.S.C. § 1983, alleging that her rights were violated under the Fourth Amendment to the United States Constitution. Compl., ECF No. 1. Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted. IFP Appl., ECF No. 2. For the reasons stated below, plaintiff's complaint is **DISMISSED**.

## BACKGROUND

Plaintiff alleges that her late brother, Willie Jacobs, "was a victim of fraud and swindling by IndyMac Mortgage Service," and that Queens County Public Administrator Lois M. Rosenblatt, "did not have the authority or the right to auction of[f] Willie Jacobs['] property." Compl. at 4.[1] Plaintiff asserts that the events giving rise to the claims occurred in October 2013, and seeks a subpoena from the Court to obtain information from defendants to "know for sure if any fraud and swindling took place" and to "better formulate this case." Compl. at 5–6.

---

[1] All references to the complaint use the ECF-generated page numbers indicated in the heading.

1

## STANDARD OF REVIEW

Federal courts have limited jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017).[2] In particular, federal courts only have jurisdiction over cases or controversies. U.S. Const., art. III, § 2. There is no case or controversy where a plaintiff lacks standing to challenge defendant's alleged conduct. *Coal. for Competitive Elec., Dynergy Inc. v. Zibelman*, 906 F.3d 41, 57 (2d Cir. 2018). To establish standing, a plaintiff must demonstrate that (1) she has "suffered an injury in fact that is concrete, particularized, and actual or imminent;" (2) "the injury was likely caused by the defendant;" and (3) judicial relief would likely redress plaintiff's injury. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Where "plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy," there is no case or controversy over which the federal court has jurisdiction and can resolve. *Id*. A court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983,[3] which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3] Plaintiff's complaint also references 18 U.S.C. § 1341, which is the criminal statute for mail fraud. Compl. at 4. However, plaintiff is unable to bring a claim under the criminal mail fraud statute because it lacks a private right of action. *See Vidurek v. Koskinen,* 789 F. App'x 889, 894 (2d Cir. 2019) (citing *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989)).

shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Here, plaintiff does not allege that she has suffered any injury from the conduct she alleges, or that the relief she seeks from the Court would redress that injury. Instead, she states that she "will submit the[ ] cause of action upon receiving the information required from the defendants through a subpoena." Compl. at 6. Further, to the extent that plaintiff is attempting to raise a claim as a beneficiary of her brother's estate, her failure to assert any injury is fatal to such a claim. Plaintiff has also failed to allege an injury experienced by Mr. Jacobs. Instead, she states that she "believe[s]" her brother "was a victim of fraud and swindling" and that she would like information from defendants to "know for sure." Compl. at 4–5. Her failure to allege a concrete, particularized injury experienced by Mr. Jacobs thus also bars plaintiff from asserting third party standing on his behalf. *See N.Y. State Citizens' Coal. for Child. v. Poole,* 922 F.3d 69, 75 (2d Cir. 2019) (requiring a third party be an "injured party" for standing purposes).

Therefore, plaintiff does not allege an actual case or controversy and the case must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed. Fed. R. Civ. P. 12(h)(3). Because plaintiff is proceeding *pro se*, the Court has considered giving her an opportunity to further amend her pleading but finds that amendment would be

3

futile, for even a liberal reading of plaintiff's complaint does not support that she suffered a concrete, particularized injury. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment and close this action.

**SO ORDERED.**

                                           */s/ Natasha C. Merle*
                                           NATASHA C. MERLE
                                           United States District Judge

Dated:       November 4, 2024
                Brooklyn, New York